# EXHIBIT A

|  |  |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF QUEENS<br>-------------------------------------------------------------------------X<br><br>RICHARD PEDRAJA,<br><br>                              Plaintiff,<br><br>                            -against-<br><br>BJ'S WHOLESALE CLUB, INC.,<br><br>                              Defendant.<br>-------------------------------------------------------------------------X | Index No.:<br><br>**SUMMONS**<br><br>Plaintiff designates QUEENS County as the place of trial.<br><br>The basis of venue is:<br><br>Location of occurrence and Plaintiff's residence<br>2048 Gates Avenue, Apt. 3L<br>Ridgewood, New York 11385 |

**To the above named Defendant:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, if the complaint is not served with this summons, to serve a notice of appearance on Plaintiff's attorneys within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
            December 3, 2020

                                              Yours, etc.,
                                              **SWARTZ CULLETON FERRIS, PLLC**

                                              By: BRETT E. ZUCKERMAN, Esq.
                                              *Attorneys for Plaintiff*
                                              RICHARD PEDRAJA
                                              315 West 36th Street, 2nd Floor
                                              New York, New York 10018
                                              Phone: (212) 852-6070
                                              Fax: (646) 860-9183
                                              Email: bzuckerman@scflawoffice.com
                                              File No.: SCF-097

TO:    BJ'S WHOLESALE CLUB, INC.
           C T CORPORATION SYSTEM
           111 EIGHTH AVENUE
           NEW YORK, NEW YORK, 10011
           **Via Secretary of State**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RICHARD PEDRAJA,

                Plaintiff,

       -against-                               **VERIFIED COMPLAINT**

BJ'S WHOLESALE CLUB, INC.,

                Defendant.
-------------------------------------------------------------------------X

Plaintiff, RICHARD PEDRAJA ("Plaintiff"), by his attorneys, SWARTZ CULLETON FERRIS, PLLC, as and for a cause of action alleges upon information and belief as follows:

1. At all the times herein mentioned, Plaintiff was and still is a resident of the County of Queens, City and State of New York.

2. That on June 12, 2020, and at all times hereinafter mentioned, defendant, **BJ'S WHOLESALE CLUB, INC.**, was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.**, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

4. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.**, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

5. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.**, conducted business and maintained offices within the State of New York.

6. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S**

**WHOLESALE CLUB, INC.,** was and still is a foreign business corporation, duly authorized to do business in the State of New York.

7. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.,** maintained its principal place of business at 500 Volvo Parkway Chesapeake, Virginia 23320.

8. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.,** committed a tortious act within the State of New York.

9. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.,** regularly does, or solicits, business in the State of New York.

10. That on June 12, 2020, and at all times hereinafter mentioned, Defendant, **BJ'S WHOLESALE CLUB, INC.,** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, there existed a BJ's Wholesale Club the premises located at 66-26 Metropolitan Avenue, in the County of Queens, City and State of New York ("the premises").

12. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, the BJ's Wholesale Club located upon the premises was also known as Club 143.

13. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Club 143 was and still is a retail store located upon the premises.

14. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** owned the premises.

15. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** managed the premises.

16. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** maintained the premises.

17. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** operated the premises.

18. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** controlled the premises.

19. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** supervised the premises.

20. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** inspected the premises.

21. That on June 12, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.,** owned, managed, maintained, operated, controlled, supervised and inspected the premises.

22. That on or about June 12, 2020, Defendant, **BJ'S WHOLESALE CLUB, INC.**, leased the premises.

23. That on or about June 12, 2020, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.**, was a sublessor of the premises.

24. That on or about June 12, 2020, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.**, was a sublessee of the premises.

25. That on or about June 12, 2020, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.**, was an assignor of a lease at the premises.

26. That on or about June 12, 2020, and upon information and belief, Defendant, **BJ'S WHOLESALE CLUB, INC.**, was an assignee of a lease at the premises.

27. That on June 12, 2020, Plaintiff was a patron at the premises.

28. That on June 12, 2020, Plaintiff was a patron at the premises owned, managed, maintained, operated, controlled, supervised and inspected by Defendant **BJ'S WHOLESALE CLUB, INC.**

29. That on June 12, 2020, and at all times hereinafter mentioned, Plaintiff was lawfully inside the aforementioned premises known as BJ's Wholesale Club, Club 143.

30. That on June 12, 2020, and at all times hereinafter mentioned, Plaintiff was lawfully present inside the premises with the knowledge, permission and consent of Defendant **BJ'S WHOLESALE CLUB, INC.**

31. That on June 12, 2020, while Plaintiff was lawfully inside the premises, he was caused to be injured when he slipped and fell due to a dangerous condition.

32. The above mentioned occurrence and the results thereof were caused by the negligence of Defendant and/or Defendant's servants, agents, employees and/or licensees in the operation, management, maintenance, control, supervision and inspection of the premises; in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and permitting a slipping hazard to exist at the premises; in causing, allowing and permitting a slipping hazard to be left unattended at the premises; in causing, allowing and permitting a dangerous condition to be left unattended without a warning sign at the premises; in failing to maintain the premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said location; in causing, allowing and permitting an obstruction in the aisle(s) at said location; in failing to provide Plaintiff with safe and proper ingress and egress on the premises; in

causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give Plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

33. The aforesaid accident and the injuries resulting therefrom were due solely and wholly to the careless, reckless and negligent manner in which Defendant owned, managed, maintained, controlled, operated, supervised and inspected the premises.

34. Defendant was negligent, reckless and careless in that they violated their duties to persons lawfully on the premises and to this Plaintiff in particular, in knowingly, permitting, suffering and allowing the premises to be, become and remain in an unsafe and dangerous condition; and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the premises.

35. That no negligence on the part of Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

36. That because of the above stated negligence, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries Plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

37. This action falls within one or more of the exceptions set forth in CPLR 1602.

38. That as a result of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, Plaintiff, RICHARD PEDRAJA, demands judgment demands judgment both compensatory and exemplary against Defendant BJ'S WHOLESALE CLUB, INC. for the First Cause of Action, in excess of the jurisdictional amounts of the lower Courts, together with the costs and disbursements of this action.

Dated: New York, New York
December 3, 2020

Yours, etc.,
**SWARTZ CULLETON FERRIS, PLLC**

By: Brett E. Zuckerman, Esq.
*Attorneys for Plaintiff*
RICHARD PEDRAJA
315 West 36th Street, 2nd Floor
New York, New York 10018
(212) 852-6070
bzuckerman@scflawoffice.com
File No.: SCF-097

## ATTORNEY'S VERIFICATION

I, Brett E. Zuckerman, Esq., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalty of perjury:

That I am associated with the firm SWARTZ CULLETON FERRIS PLLC, the attorneys for Plaintiff in the within action and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon my review of the contents of the file maintained by this office.

That I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief; and, as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by Plaintiff is that Plaintiff does not reside within the county in which my office is maintained.

That the grounds for your affirmant's belief as to all matters not stated upon my own knowledge are as follows: facts, investigations, reports, records, and documents contained in Plaintiff's file maintained by your affirmant's office.

Dated: New York, New York
December 3, 2020

_____
Brett E. Zuckerman, Esq.

**Index No.:**
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

---

RICHARD PEDRAJA,

                Plaintiff,

      -against-

BJ'S WHOLESALE CLUB, INC.,

                Defendant.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**SWARTZ CULLETON FERRIS PLLC**
*Attorneys for Plaintiff*
315 West 36th Street, 2nd Floor
New York, New York 10018
Phone: (212) 852-6070
Fax: (646) 860-9183
Email: bzuckerman@scflawoffice.com